IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FELICIA B.-M.,

    Plaintiff,

v.                                               Civ. No. 25-216 MIS/GBW

FRANK BISIGNANO,
*Commissioner of Social Security*

    Defendant.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court on Defendant's Motion to Dismiss for Failure to State a Claim (*doc. 11*), filed on July 15, 2025. Plaintiff did not file a response. The undersigned has considered the parties' submissions, the record, and the relevant law. For the reasons that follow, the undersigned RECOMMENDS that Defendant's motion be GRANTED.

## I. BACKGROUND

On March 26, 2024, an Administrative Law Judge issued a decision dismissing Plaintiff's claim for benefits under Title II and denying the plaintiff's claim for benefits under Title XVI. *Doc. 11-1* at 3. On September 18, 2024, the Appeals Council dismissed Plaintiff's request for review of the decision. *Id.* On February 28, 2025, Plaintiff filed a complaint seeking review of the adverse final decision in this Court. *Doc. 1*. On July 15,

2025, Defendant filed a Motion to Dismiss, arguing that Plaintiff's civil action was untimely filed. *Doc. 11* at 2. Plaintiff did not submit a response in opposition to the motion to dismiss nor did she make any other filings.

## II. LEGAL STANDARDS

### a. Law Regarding Uncontested Motions to Dismiss

"[A] district court may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response.'" *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (internal citation omitted). Even if a plaintiff does not file a response to a motion to dismiss, a court must still examine the complaint and the plaintiff's allegations to determine whether the plaintiff has stated a claim upon which relief can be granted. *Id.* at 1178. However, "the legal sufficiency of a complaint is a question of law." *Id.* (quoting *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003)). As such, if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face," then the court should dismiss the claim. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (internal citations omitted).

### b. Relevant Law Governing Subject Matter Jurisdiction

The United States, as a sovereign, is immune from suit except when it has unequivocally expressed its consent to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see also Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a

waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

This Court's authority to review final decisions made by the Commissioner of Social Security is exclusively governed by 42 U.S.C. Section 405.[1]  *See* 28 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *Shalala v. Ill. Council on Long Term Care Inc.*, 529 U.S. 1, 10 (2000).  Pursuant to 42 U.S.C. § 405(g), a Social Security claimant may obtain review of the Commissioner's final decision by filing a civil action "commenced within sixty days" after the notice of decision is received.  The date of receipt is presumed to be five days after the date of the decision.  20 C.F.R. § 422.210(c); *see doc. 11* at 2.  The 60-day statute of limitations is a condition on the waiver of sovereign immunity and is therefore strictly construed. *Lubin v. Berryhill*, 2019 WL 1062099, at *2 (D.N.M. Mar 6, 2019) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).  The Tenth Circuit has held that lawsuits not commenced within the 60-day period are properly subject to a motion to dismiss.  *Dozier v. Bowen*, 891 F.2d 769, 770 (10th Cir. 1989).

---

[1] Plaintiff brought her original claim for benefits under Title XVI.  *Doc. 11-1* at 3.  Judicial review under Title XVI "shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."  42 U.S.C. § 1383(c)(3).

### III.     ANALYSIS

#### a. Plaintiff Fails to State a Claim Because Her Filing is Untimely

Plaintiff's suit is untimely because it was filed after the 60-day deadline imposed by 42 U.S.C. § 405(g). The Appeals Council denied Plaintiff's request for review on September 18, 2024. *Doc. 11-1* at 3. Consequently, her 60-day period in which to file began on September 23, 2024. To be timely, the Complaint would therefore have needed to be filed by November 22, 2024, but Plaintiff filed on February 28, 2025. *See doc. 1*. Thus, her complaint was 98 days late.

As previously noted, "time limits imposed by Congress in a suit against the Government involve a waiver of sovereign immunity[.]" *Irwin*, 498 U.S. at 96. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp.* 510 U.S. at 475. The 60-day time limitation has been strictly enforced by federal courts. *See doc. 11* at 4-5 (collecting cases in which complaints were dismissed for being between one to eleven days late). Because Plaintiff filed beyond the statute of limitations, she fails to state a claim upon which relief can be granted, and her claim should therefore be dismissed.

#### b. Plaintiff Does Not Present a Basis for Equitable Tolling

Tolling of the 60-day time limit is appropriate in some cases such as when the Commissioner allows it or "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S.

at 480 (quoting *Matthews v. Eldridge*, 424 U.S. 319, 330 (1976)); 42 U.S.C. § 405(g) (a party may seek review within 60 days or "within such further time as the Commissioner of Social Security may allow").  However, federal courts typically extend equitable tolling only sparingly and the standard for obtaining it is high.  *Irwin*, 498 U.S. at 95-96.  A litigant is entitled to tolling where she can show that (1) she has been pursuing her rights diligently and (2) some extraordinary circumstances stood in her way which prevented timely filing.  *Holland v. Florida,* 560 U.S. 631, 649 (2010) (citation omitted); *see also Irwin*, 498 U.S. at 96.  "[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control."  *Menominee Indian Tribe of Wis. V. United States*, 577 U.S. 250, 257 (2016) (emphasis in original).

    Here, Plaintiff does not offer the Court any evidence that her failure to timely file was due to extraordinary circumstances beyond her control.  Nor does she appear to be pursuing her rights diligently since she neglected to file responsive pleadings and did not request an extension of time to file her Complaint from the Appeals Council.  *Doc. 11-1* at 3-4.  Because Plaintiff has not provided the Court with evidence in favor of equitable tolling there is no justification for it.  As such, tolling should not apply, and Plaintiff's Complaint should be dismissed as untimely.

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Defendant's Motion to Dismiss for Failure to State a Claim (*doc. 11*) be GRANTED.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE